RECEIVED
FEB 07 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC

United States District Court for the Eastern District of North Carolina

| | |
|---|---|
| Lacy Lee Williams, Jr. <br> Plaintiff <br><br> vs <br><br> Raleigh Police Department <br> Detective Richard J. Armstrong, <br> Detective Eric R. Emser. <br> Defendant(s) | Affidavit for Criminal Prosecution Against Said Defendants for false Police reports, Warrants ~~and~~ perjury While Under oath. ~~~~ And; obstruction of Justice. |

## Affidavit/Complaint.

On September 7th 2007, The plaintiff Lacy Lee Williams, JR., was Arrested for Allegedly Selling two ~~a~~ Grams of Crack-Cocaine to a Confidential informant Named Christopher Clark (A.K.A. Big Daddy) on Allegedly, August 25th 2007.

The Controlled Buy incident Was Allegedly said to have taken place At a Crown gas station on South Saunders street.

However, Detective Richard J. Armstrong testified At trial that: "He stopped at a gas pump at the ~~Gr~~ Crown gas station, And that, his informant got out of the Car, Went behind the Crown gas station and that he (Det. Armstrong) lost sight of the informant". See trial Transcript /2/9/09. pg. 47. 4-11.

Detective Richard J. Armstrong, Police Records, Synopsis, Audio-Visual Recording, As

Pg. 2.

Well as police surveillance video footage of the Controlled Buy Show that the plaintiff Lacy Lee Williams, Jr. was Never identified on or about August 24th, 25th 2007.

According to legal documents drafted by Detective Richard J. Armstrong, After the alleged Controlled Buy-Dated August 24th, 25th 2007, A legal traffic Stop was Never Conducted to Recover the R.P.D. marked Bills, Nor was there an identification line-up or photograph match Conducted So that the C.I. Could identify the plaintiff Lacy Williams, as the seller Allegedly Known As "Dread" Which Would've been probable Cause through Knowledge of facts, and; Circumstantial and Sufficient evidence.

On february 9th 2009, Detective Richard J. Armstrong, testified at trial and was written and Reported By police synopsis and Arrest Warrants (Dated on September 7th 2007, that he recovered from the C.I., Two 2 Grams of Crack-Cocaine. However, The CCBI LAB Analyst testified in Contrary to Detective's Richard Armstrong Credibility, etc., that she (Amy Bommer) Analyzed a quantity of 0.900. of Cocaine Base. Therefore, Creating A Conflict between the two State Witnesses. Moreover, CCBI Analyst Amy Bommer, Also testified that she didn't received the package that Contained the Cocaine Base. Until October 17th 2007 which was A total of 52 days, "After" the plaintiff Was Arrested. See Transcript/2/9/09 pg. 170. 6-20. Nevertheless, the Alleged two grams stemming from the Alleged Controlled Buy on Aug. 25th 2007, was Never documented Nor field tested by Detective Armstrong to Warrant An Arrest on Controlled Substance Violations. See Transcript/2/9/09 pg. 207, 1-14.

In Conclusion, If the Lab Analyst Amy Bommer, didn't test the alleged Crack-

Cocaine Base until 52 days after plaintiff's arrest and 65 days after the alleged Controlled Buy. Detective Richard J. Armstrong under oath testified that he never field tested the alleged Crack-Cocaine, and; the Confidential Informant admitted under oath, testified at trial that He (Christopher Clark) didn't smoke Crack-Cocaine (see transcript/2/9/09 pg 103. 2-3). Therefore, Detective Richard J. Armstrong, who lost sight of his informant- Didn't have any Justifiable Grounds to Request-Under oath- the magistrate to issue an Arrest Warrant on Controlled Substance knowing that the alleged Crack-Cocaine wasn't field tested at the date and time of alleged offense and the date the Warrant for Arrest was issued. Moreover, Detective Eric R. Emser, also, testified under oath that he never identified the plaintiff Lacy Lee Williams. Jr. (See transcript/2/9/09 pg. 143 12-14, 19-23. pg. 144. 5-12 pg. 145. 3-13.) Neither one Detective in this drug case, identified or witnessed at the date and time of alleged offense - the plaintiff Lacy Lee. Williams. Jr. Doing any illegal Activities and or Delivering and selling a Controlled Substance to C.I. Christopher Clark on August 24th, 25th 2007. These fact findings also show that Detective Richard J. Armstrong, could not legally sign his name as a witness to the alleged offense - on the Grand Jury indictment. And; by doing so, created perjury, as well as a miscarriage of Justice, after it was made clear that Lacy Lee. Williams. Jr. was never identified at the date and time of offense and etc.

Wherefore, Due to the aforementioned finding facts, the plaintiff Lacy Lee. Williams. Jr. Request federal prosecution against the above Captioned defendants for perjury and obstruction of Justice

Pursuant to 28 U.S.C. §1746, I declare Under penalty of perjury that the foregoing was made true and Correct. Executed this 3rd day of January, 2011.

Lacy Lee Williams Jr.

Certificate of Service.

I Hereby Certified that i have Sent the original foregoing Copy Affidavit for Criminal Prosecution by placing it in the mail Box via first class and for it to be delivered to the following federal Court:

Clerk of the Court/federal Prosecution sect.
United States District Court for the
Eastern District of North Carolina
Terry Sanford federal Building And Court
310 New Burn Avenue
Raleigh, N.C. 27601

CC: Lacy Lee Williams Jr. #0442843
    Polk Correctional Inst.
    Post office Box 2500
    Butner, N.C. 27509.